*720 OPINION.
TRAmmell
i The question as to whether the Folding Box Co. owned or controlled substantially all the stock of the Acme Box & Lumber Co. is one of fact. It did not own any of the stock prior to the date it acquired that referred to in the option. An examination of the option agreement does not disclose any provision which could be interpreted as vesting a control of the stock in the purchasers unless or until the stock was actually acquired. A witness on the stand was asked if the owners of the stock followed the provisions of the contract as to the delivery of the stock. He answered, “ I guess we did.” But the option contract provided that only 40 per cent of the stock would be deposited in escrow when 50 per cent of the purchase price had been paid and the remaining 60 per cent was to be delivered when final settlement was made. There is no positive evidence that the provisions of the option as to deposit of the stock in escrow were carried out, and even if it were so deposited that amount was only 40 per cent. There is nothing of record to indicate that the purchasers would have had any control over the stock even if it had been deposited in escrow. While the first payment under the option was made in November, 1919, the contract appears to have been executory and had not been executed. The sellers did not sell their stock but retained it until the final settlement was made. The option gave the purchasers merely the right to buy the stock. The acceptance of the payments by the sellers bound them to convey according to the option, but a contract to buy which is binding on the seller to sell does not itself give the buyer a control of the stock. The taxpayer could not have voted it, nor could it have directed or influenced the voting of that stock. Nor did the taxpayer even claim that it could have done so. Until the contract had been executed and the stock bought, the control remained in the owner.